Case 5:21-cv-00120-RWS Document 1-4 Filed 10/04/21 Page 1 of 10 PageID #: 35

Filed 7/30/2021 12:05 PM
Jill Harrington
District Clerk
Bowie County, Texas
Christy Wright, Deputy



July 30, 2021

Jill Harrington
Bowie County District Clerk
Bowie County Courthouse
710 James Bowie Drive
New Boston, TX 75570

21C0930-202

Re: Cause No. _____ *Debra McVay v. United Parcel Service, Inc. and Keyona Noel;* In the _____ Judicial District Court of Bowie County, Texas

Dear Ms. Harrington,

Please issue two citations on Plaintiff's Original Petition to the defendants listed below. Please return to our office for handling by personal service:

- United Parcel Service, Inc., in c/o Corporation Service Company d/b/a CSC-Lawyers Inco at 211 E. 7th Street, Suite 620, Austin, Texas 78701; and
- Keyona Noel, 1212 Milam Street, Texarkana, Texas 75501.

Thanks in advance.

Sincerely,

*/s/ Crystal A. DeLeon*

Crystal A. DeLeon
Legal Assistant

| | | |
|---|---|---|
| t 866.222.2606 | 6009 Memorial Drive | info@arnolditkin.com |
| f 713.222.3850 | Houston, TX 77007 | **arnolditkin.com** |

Copy from re:SearchTX

Filed 7/30/2021 12:05 PM
Jill Harrington
District Clerk
Bowie County, Texas
Christy Wright, Deputy

CAUSE NO. 21C0930-202

| | | |
|---|---|---|
| Debra McVay, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | BOWIE COUNTY, TEXAS |
| United Parcel Service, Inc. and | § | |
| Keyona Noel, | § | |
| | § | |
| *Defendants*. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Debra McVay (hereinafter "Plaintiff"), complaining of United Parcel Service, Inc. (hereinafter "UPS") and Keyona Noel (hereinafter collectively referred to as "Defendants") and for cause of action would respectfully show the Court the following:

### I. Discovery Level

1. Discovery in this matter may be conducted under Level 2 of the Texas Rules of Civil Procedure.

### II. Jurisdiction and Venue

2. The claims asserted arise under the common laws of Texas. This Court has jurisdiction and venue is proper because the Defendants do a substantial amount of business within the forum state and the accident giving rise to this lawsuit occurred in this. TEX. CIV. PRAC. & REM. CODE § 15.002. Additionally, this case is not removable because at least one Defendant is a resident of Texas.

### III. Parties

3. Plaintiff is a resident of Texas.

4. Defendant United Parcel Service, Inc. is a corporation with headquarters in Atlanta, Georgia. This Defendant may be served with process through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Inco at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

5. Defendant Keyona Noel is a natural person and resident of Texas. This Defendant may be served with process at her personal residence at 1212 Milam Street, Texarkana, Texas 75501, or wherever he may be found.

### IV. Facts

6. On or about June 1, 2021, Plaintiff suffered severe bodily injuries as a result of Defendants' negligence and gross negligence. On that date, Plaintiff was driving southbound on Highway 259 in Bowie County, Texas when she was suddenly and unexpectedly struck by Defendant Noel. At the time of the accident, Defendant Noel failed to keep a proper look out, failed to yield the right of way, and turned when unsafe. As a result of the above, Plaintiff was seriously injured. Specifically, Plaintiff has injured her neck, back, spine and other parts of her body.

7. At all relevant times, Defendant Noel was acting in the course and scope of her employment with Defendant UPS and acting in furtherance of a mission for Defendant UPS's benefit and subject to its control. Additionally, Defendant Noel was driving a vehicle owned and maintained by Defendant UPS and was operating the vehicle under Defendant UPS's commercial operating authority.

### V. Causes of Action

A. *Negligence and Gross Negligence (Against All Defendants)*

8. Plaintiff repeats and realleges each allegation contained above.

2

Copy from re:SearchTX

9. Plaintiff sustained injuries because of Defendants' negligence and gross negligence when Defendants:

- Failed to keep a proper lookout;
- Failed to turn safely;
- Failed to yield the right of way;
- Failed to operate the vehicle safely;
- Failed to properly supervise its employees;
- Failed to properly train its employees;
- Failed to prudently supervise the job;
- Failed to follow applicable state and federal rules and regulations, including but not limited to the Federal Motor Safety Carrier Regulations; and
- Other acts deemed negligent and grossly negligent.

10. On balance, Defendants owed a duty consistent with the foregoing and breached each of the foregoing duties. These breaches were both the cause in fact and proximate cause of Plaintiff's injuries. As a result of Defendants' negligence, Plaintiff suffered severe physical injury. Plaintiff is entitled to recover for her injuries.

11. Additionally, Defendants' actions were done with a reckless disregard to a substantial risk of severe bodily injury. As such, Plaintiff is entitled to exemplary damages.

B. *Negligence Per Se (Against All Defendants)*

12. Defendants' conduct described herein constitutes an unexcused breach of duty imposed by Texas Transportation Code Sections 545.103 and 545.401.

Copy from re:SearchTX

13. Plaintiff is a member of the class that Texas Transportation Code Sections 545.103 and 545.401 were designed to protect.

14. Defendants' unexcused breach of the duties imposed by Texas Transportation Code Sections 545.103 and 545.401 proximately caused Plaintiff's injuries described herein.

### PLAINTIFF'S CLAIM OF *RESPONDEAT SUPERIOR* AGAINST UNITED PARCEL SERVICE, INC.

15. At the time of the occurrence of the act in question and immediately prior thereto, Defendant Noel was within the course and scope of employment for Defendant UPS.

16. At the time of the occurrence of the act in question and immediately prior thereto, Defendant Noel was engaged in the furtherance of Defendant UPS's business.

17. At the time of the occurrence of the act in question and immediately prior thereto, Defendant Noel was engaged in accomplishing a task for which Defendant UPS was employed.

18. Plaintiff invokes the doctrine of *Respondeat Superior* as against Defendant UPS.

### AGENCY

19. At and during the time of the acts and/or omissions complained of herein, any acts and/or omissions committed by an agent, representative or employee of Defendant UPS, occurred within the scope of the actual or apparent authority of such person on behalf of Defendant UPS.

20. Therefore Defendant UPS is liable to Plaintiff for the acts and/or omissions of any such agent, representative or employee complained of herein by virtue of such agency relationship.

C. *Negligent Hiring (Against Defendant UPS)*

4

Copy from re:SearchTX

21. Plaintiff repeats and realleges each allegation contained above.

22. Plaintiff sustained injuries as a result of Defendant's negligent hiring because of Defendant's:

- Failure to conduct a reasonable and adequate interview of Defendant Noel as a potential employee.

- Failure to properly follow up on information not provided by Defendant Noel in the interview process.

- Failure to conduct a proper employment and background check.

- Failure to comply with applicable Federal Motor Carrier Safety Regulations;

- Failure to sufficiently investigate Defendant Noel's training, prior employment, criminal record, and past.

- Failure to perform the required screening, testing, and physical of Defendant Noel.

- Failure to adopt proper policies and procedures regarding the interview of a potential employee who will be driving a tractor/trailer on the highways of the State of Texas.

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

D. *Negligent Training (Against Defendant UPS)*

23. Plaintiff repeats and realleges each allegation contained above.

24. Plaintiff sustained injuries as a result of Defendant's negligent training because of Defendant's:

- Failure to explain and demonstrate its safety policies and procedures to Defendant Noel.

- Failure to provide the necessary training to Defendant Noel regarding driving this vehicle, vehicle safety, safety classes, how to properly and safely drive the vehicle, the proper method to maintain a vehicle, the

5

Copy from re:SearchTX

- proper way and the necessity of keeping the vehicle clean and in proper working order, and in all matters regarding the proper and safe operation of a vehicle and the maintenance of a vehicle in various situations.

- Failure to properly train its drivers regarding all aspects of driver safety.

- Failure to properly train and educate its drivers on applicable Federal Motor Carrier Safety Regulations;

- Failure to train its employees, including Defendant Noel, regarding safe and proper operation of a vehicle such as a person and/or company of ordinary care would have done in the same or similar circumstances.

- Failure to provide and/or require regular follow-up driver education and training.

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

### E. *Negligent Supervision, Retention, and Monitoring (Against UPS)*

25. Plaintiff repeats and realleges each allegation contained above.

26. Plaintiff sustained injuries as a result of Defendant's negligent supervision, retention and monitoring because of Defendant's:

- Failure to monitor Defendant Noel to make sure that he was complying with policies and procedures.

- Failure to interview and test Defendant Noel to make sure he had read, and was familiar with, understood, and followed the company policies and procedures.

- Failure to implement proper policies and procedures for its employees, including Defendant Noel, regarding driver safety and vehicle safety.

- Failure to document and make a determination regarding fault in the accident made the basis of this suit.

- Failure to supervise Defendant Noel to ensure that she was keeping the vehicle properly maintained.

- Such other and further acts of negligence as may be shown in the trial of

6

Copy from re:SearchTX

this cause as discovery progresses.

**F.** *Negligent Entrustment (Against Defendant UPS)*

27. Plaintiff repeats and realleges each allegation contained above.

28. Plaintiff sustained injuries as a result of Defendant's negligent entrustment because Defendant:

- Provided a vehicle and/or authority to Defendant Noel who was not properly trained and did not have the proper education, background, training, or experience to safely operate the vehicle, and who was an incompetent and/or reckless driver.

**G.** *Ratification (Against Defendant UPS)*

29. Plaintiff repeats and realleges each allegation contained above.

30. Defendant is responsible for the negligence and gross negligence of its driver under the theory of ratification because Defendant:

- Retained Defendant Noel after she committed the underlying tortious acts;

- Knew of Defendant Noel's tortious acts;

- Recognized that Defendant Noel will likely continue to be negligent if he is retained;

- Recognized that Defendant Noel will likely continue to be grossly negligent if he is retained;

- Failed to take adequate measures to prevent Defendant Noel from committing future tortious acts; and

- Otherwise adopted, confirmed, or failed to repudiate Defendant Noel's negligent and grossly negligent conduct after Defendant UPS gained knowledge of the conduct.

31. As a result of Defendant Noel's negligent and grossly negligent conduct, which Defendant UPS ratified, Plaintiff suffered severe physical injury. Plaintiff is entitled to recover

7

Copy from re:SearchTX

for her injury. Defendants' actions were done with a reckless disregard to a substantial risk of severe bodily injury. As such, Plaintiff is entitled to exemplary damages.

## VI. Damages

32. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer severe and debilitating personal injuries, bodily injury, physical impairment, loss of household services, pain, suffering, and mental anguish, and to incur the following damages. As required by Rule 47 of the Texas Rules of Civil Procedure, Plaintiff affirmatively states that he seeks damages in excess of $1,000,000.00. Plaintiff prays for relief and judgment, as follows:

- Compensatory damages against Defendants;
- Actual damages;
- Consequential damages;
- Pain and suffering;
- Exemplary damages;
- Past and future mental anguish;
- Past and future impairment;
- Past and future disfigurement;
- Interest on damages (pre and post-judgment) in accordance with the law;
- Costs of Court;
- Expert witness fees;
- Costs of copies of depositions; and
- Such other and further relief as the Court may deem just and proper.

Copy from re:SearchTX

## VII. Prayer

Plaintiff pray that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that Defendants appear and answer, and that upon final hearing, Plaintiff have judgment against Defendants in a total sum in excess of the minimum jurisdictional limits of this Court, pre-judgment and post-judgment interests, all costs of Court, exemplary damages, and all such other and further relief, to which they may show themselves justly entitled.

## VIII. Jury Trial Demanded

Plaintiff hereby demands a trial by jury.

Respectfully Submitted,

ARNOLD & ITKIN LLP

*/s/ Kurt B. Arnold*

---

Kurt B. Arnold
SBN: 24036150
karnold@arnolditkin.com
J. Kyle Findley
SBN: 24076382
kfindley@arnolditkin.com
Adam Lewis
SBN: 24094099
alewis@arnolditkin.com
6009 Memorial Drive
Houston, TX 77007
Tel: 713.222.3800
Fax: 713.222.3850
**e-service@arnolditkin.com**

**ATTORNEYS FOR PLAINTIFF**

9

Copy from re:SearchTX