IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| DEBRA MCVAY,<br><br>   Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC.,<br>KEYONA NOEL,<br><br>   Defendants.<br><br>AND<br><br>UNITED PARCEL SERVICE, INC.,<br>KEYONA NOEL,<br>   Third-Party Plaintiffs,<br><br>v.<br><br>CD PILOT CAR SERVICES LLC<br><br>   Third-Party Defendant. | Civil Action No. 5:21-CV-00120-RWS |

**ORDER**

Before the Court is United Parcel Service, Inc.'s Motion for Default Judgment Against CD Pilot Car Services LLC and Motion to Sever. Docket No. 41. A hearing was held on the motion on December 1, 2022. Having heard UPS's argument, the Court held that the motion should be **GRANTED AS MODIFIED**.

Under Federal Rule of Civil Procedure 55, a court may enter a final judgment without conducting a trial on liability when a party defaults. Securing a default judgment is a three-step procedure involving a default, entry of the default, and entry of a default judgment. *New York Life Ins. V. Brown*, 84 F.3d 137 (5th Cir. 1984). A "default" occurs when the defendant, here third-

party defendant, does not plead or otherwise respond to a complaint. *Id.* at 141. An "entry of the default" is the notation the clerk makes after the default is established by affidavit. *Id.* And "entry of default judgment" is the entry of the judgment by the court based on the entry of default. *Id.*

Here, CD Pilot Car Services has defaulted by not answering the defendants' third-party complaint filed against it on March 10, 2022. Docket No. 26. On September 6, 2022, the clerk of court properly entered an entry of default. Docket No. 39. As of today, the docket reflects that no appearance has been made on behalf of CD Pilot Car Services, and it has not answered or otherwise moved to dismiss the complaint. UPS has presented evidence of damages in a sum certain of $20,123.95, and costs in the amount of $1,602.25. *See* Docket Nos. 41-1, 41-2 and 42-1. UPS has shown that CD Pilot Car Services was properly served with the complaint and summons, is not a minor or incompetent (Docket No. 41-2), and is not currently serving in the military (Docket No. 41-3). *See* FED. R. CIV. P. 55; 50 U.S.C. § 3931(b)(1). These showings, in combination with the other documents submitted by UPS support the Court's decision to **GRANT** UPS's motion for default judgment.

Turning to UPS's motion to sever, a motion to sever one lawsuit into two under Federal Rule of Civil Procedure 22 may be granted in several circumstances. For example, where the parties have been inappropriately joined, where the claims should be tried separately in the interest of justice, or where the claim to be severed is a pendent state-law claim. At the hearing, UPS explained that they were seeking a severance of their claim against CD Pilot Car Services to obtain a final judgment. The Court finds that this objective may be obtained more efficiently through issuing a partial final judgment. FED. R. CIV. P. 54(b). Thus, the Court **DENIES** the motion to sever. Instead, the Court will issue a partial final judgment. It is therefore

**ORDERED** that a default judgment is entered against Third-Party Defendant CD Pilot Car Services, LLC and in favor of Third-Party Plaintiff United Parcel Service, Inc. as authorized by FED. R. CIV. P. 55 for the sum certain of $20,123.95 in property damage and $1,602.25 in costs. Post-judgment interest shall accrue beginning on the date of entry of this Order and shall be determined by using the 1-Year Treasury rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961. It is further

**ORDERED** that the motion to sever is **DENIED**. Instead, the Court will separately enter a partial final judgment in favor of United Parcel Service, Inc.

**So ORDERED and SIGNED this 2nd day of December, 2022.**

*Robert W. Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE